*Randal S. Mashburn*
U.S. Bankruptcy Judge
Dated: 2/6/2014



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| MURRAY OWEN WILHOITE, JR., | ) | Case Number: 3:11-06339 |
|     Debtor. | ) | Chapter 7 |
| | ) | Randal S. Mashburn |
| MURRAY OWEN WILHOITE, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Number: 13-90362 |
| | ) | |
| SUNTRUST BANK, FIDELITY NATIONAL | ) | |
| TITLE INSURANCE COMPANY, REALTY | ) | |
| TITLE & ESCROW COMPANY, INC., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

This adversary proceeding involves allegations by a pro se debtor who feels he was misled by multiple parties involved in a loan transaction that ultimately caused his financial demise. Even if his allegations are true, he is not the right party to pursue the matter. Accordingly, the litigation must be dismissed.

## I. INTRODUCTION

Murray Owen Wilhoite, Jr. ("Wilhoite"), pro se plaintiff, filed this adversary proceeding against SunTrust Bank ("SunTrust"), Fidelity National Title Insurance Company ("Fidelity"), and Realty Title & Escrow Company, Inc. ("Realty") seeking monetary damages in the amount of $1,624,000.00, plus punitive damages. Wilhoite is himself a chapter 7 debtor, and although a chapter 7 trustee is still actively administering his case, Wilhoite personally

1

filed this adversary proceeding. Wilhoite's lack of standing to file this proceeding is dispositive of the litigation. Accordingly, the Court grants the motions to dismiss filed by SunTrust and Fidelity, and, because lack of standing is jurisdictional, also dismisses the claims against Realty. The following constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

## II. FACTUAL BACKGROUND

In December 2007, SunTrust extended credit to Wilhoite and his wife in the original principal amount of $1,224,292.48 secured by a commercial Deed of Trust encumbering property at 8401 Covington Road, College Grove, TN and 308 Century Court, Franklin, TN. Fidelity issued the title policy, and Realty was the closing agent on the transaction. Title to the 308 Century Court property ("subject property") was actually held by Murray Owen Wilhoite, Sr., the plaintiff's father. SunTrust has alleged that it would not have made the loan secured in part by the subject property had it known that Wilhoite Sr. was the titleholder, not Wilhoite, Jr. Wilhoite alleges that SunTrust, Realty, and Fidelity conspired to allow him to encumber the subject property when they knew it belonged to Wilhoite, Sr.

Wilhoite also alleges that by 2009, he was unable to make the monthly mortgage payment, but that SunTrust orally committed to allowing him to miss six months of payments to be added on to the end of the contract. According to Wilhoite's complaint, SunTrust then refused to honor that modification and began foreclosure proceedings. Wilhoite contends that SunTrust never intended to honor the commitment but induced him to miss the mortgage payments so that SunTrust could foreclose.

In April 2011, Wilhoite filed a chapter 11 bankruptcy in which he claimed ownership in the subject property in his Statements and Schedules.

2

That case was dismissed for his failure to appear at his scheduled Meeting of Creditors. Wilhoite filed a second chapter 11 case in June 2011 but, at that time, claimed no ownership in the subject property and testified at his meeting of creditors that he never had an ownership interest in 308 Century Court. Wilhoite's case was converted to a chapter 7 in September 2011.

SunTrust and Fidelity filed adversary proceedings against Wilhoite for fraud to declare the debts nondischargeable. SunTrust was granted a judgment against Wilhoite on an uncontested summary judgment motion, and Fidelity was granted a judgment by default when Wilhoite did not answer the complaint or appear at a hearing on the motion for default. Both adversary proceedings resulted in nondischargeable judgments based on the allegations that Wilhoite committed fraud in connection with the loan transaction and his alleged ownership in the subject property.

In August 2013, Wilhoite filed a motion to dismiss his chapter 7 case, "expunge" any record of the bankruptcy case, and set aside all orders and judgments in all adversary proceedings. On September 3, 2013, an order was entered denying Wilhoite's motion. Wilhoite appealed. The appeal was dismissed by the Bankruptcy Appellate Panel based on the fact that the order appealed from was not a final order.

On September 23, 2013, Wilhoite filed the present adversary proceeding. Wilhoite's complaint alleges eight causes of action as follows:

(1) "Breach of Contract" relating to SunTrust's failure to honor an oral modification of the a contract in 2009;

(2) "Fraud in inducement" referring to SunTrust's alleged fraud in failing to honor the 2009 oral contract modification;

(3) "Fraud relating to the contract" involving SunTrust's conduct in 2009;

3

(4) "Unjust Enrichment" referring to the 2009 conduct of SunTrust and the oral contract modification;

(5) "Equitable Estoppel" concerning Fidelity and SunTrust's 2007 purchase of the title insurance that allegedly mislead Wilhoite that he could encumber the subject property;

(6) "Conspiracy" against SunTrust and Fidelity, alleging that in 2007, the loan documents were inaccurately prepared, written, and presented to Wilhoite for signature even though the defendants were aware of the inaccuracies;

(7) "Negligent failure to exercise due diligence" against Fidelity, relating to Fidelity's alleged negligence during the 2007 title search leading up to execution of the note and deed of trust; and

(8) "Negligent failure to exercise due diligence" against Realty, concerning Realty's alleged negligence in failing to discover the incorrect title search in 2007.

Wilhoite's complaint asks for compensatory damages in the amount of $1,624,000.00, additional punitive damages, and costs against all defendants.

Realty and SunTrust filed motions to dismiss, which were set for hearing by the Court. Fidelity was not served with the summons and complaint, but, upon learning of the adversary proceeding, waived service and subsequently stated an intention to pursue dismissal on the same grounds as Realty and Suntrust.

At a pretrial conference attended by Wilhoite, SunTrust and Realty, the Court raised the issue of Wilhoite's standing to pursue this adversary proceeding as a chapter 7 debtor. The parties were given additional time to supplement their motions to dismiss and responses thereto. A hearing was scheduled for January 14, 2014, on the defendants' amended motions to dismiss. By then Realty had indicated an intention to pursue dismissal as well.

4

### III.  DISCUSSION

Standing is a jurisdictional issue. *In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364 (6th Cir. 2002). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Standing is a "qualifying hurdle that [a plaintiff] must satisfy even if raised *sua sponte* by the court*." Community First Bank v. Nat'l Credit Union Admin.,* 41 F.3d 1050, 1053 (6th Cir. 1994); *Newsome v. Batavia Local School District,* 842 F.2d 920 (6th Cir. 1988) (issues of standing can be raised by this Court *sua sponte* because standing is "always a 'threshold inquir[y].'").

Thus, the law is clear that the first step in any review by the Court is to assure that it has jurisdiction to decide the case.  Since Wilhoite is in a Chapter 7 proceeding with a trustee in charge of his assets, it is an obvious question as to how the debtor could pursue a claim of this type for his personal benefit and without the involvement of the trustee assigned to his bankruptcy case.  In this situation, the answer is simple – he can't. Wilhoite has no legally protectable interest in the claims he has brought. These causes of action have not been abandoned by the chapter 7 trustee and remain property of the bankruptcy estate under the control of the trustee. In short, Wilhoite has no standing.

When Wilhoite filed for bankruptcy, his estate became the owner of all of his property, including the breach of contract and other tort claims that accrued before he filed his bankruptcy petition. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (accrued age discrimination claims belonged to chapter 7 trustee, not debtor); *see* 11 U.S.C. § 541(a)(1) (defining the estate as "all legal or equitable interests of the debtor in property" when the debtor

5

files for bankruptcy); *see also* 11 U.S.C. § 554 (discussing effects of abandonment).

Each and every allegation in Wilhoite's complaint relates to causes of action that accrued prior to his 2011 bankruptcy filing.[1] This means that, absent abandonment, only the Trustee may bring Wilhoite's breach of contract and other claims, and Wilhoite has no standing to pursue it alone. *Id.*; *Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 413 (7th Cir. 2006) (describing the debtor as "an interloper, trying to prosecute a claim that belongs to his estate in bankruptcy"); *Wieburg v. GTE Southwest, Inc.,* 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are the property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.").

In this case, abandonment has clearly not occurred. Although Wilhoite has made an argument that the trustee has somehow "abrogated" her standing based on the failure or refusal of the trustee to pursue certain matters, Wilhoite is simply mistaken about how the process works. The Bankruptcy Code sets forth a very straightforward process for how and when abandonment occurs. *See* 11 U.S.C. § 554; Fed. R. Bankr. P. 6007. There is also a clear method for attempting to force abandonment in certain situations. *See* 11 U.S.C. § 554(b); Fed. R. Bankr. P. 6007. Contrary to Wilhoite's position, abandonment does not take place by implication, abrogation or inaction but only pursuant to procedures established by the Bankruptcy Code and applicable rules. Under these circumstances, lack of abandonment equates to lack of standing.[2]

---

[1] Wilhoite's own Complaint confirms that each and every cause of action arose prior to the filing of Wilhoite's first bankruptcy petition in 2011.

[2] There is some doubt as to whether Wilhoite could pursue these claims even if the trustee abandoned the claims during the Chapter 7 proceedings or even if the assets are not administered and are ultimately abandoned as a part of the closing of the case. Wilhoite's failure to schedule and disclose these cause of actions in two bankruptcy petitions, or conversion statements and schedules, or at any meeting of creditors could prevent the property

6

Case 3:13-ap-90362   Doc 27   Filed 02/07/14   Entered 02/07/14 06:47:27   Desc Main
Document      Page 6 of 7

Every federal court has an independent obligation to satisfy itself of its own jurisdiction and may not entertain an action over which jurisdiction is lacking. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603(1990). Wilhoite's lack of standing to pursue the claims mandates dismissal of the adversary proceeding against all defendants. Accordingly, the Court finds that dismissal of all counts as to all defendants is appropriate.

It is tempting to address the other reasons that this lawsuit should be dismissed that are cited by SunTrust and Fidelity including: (1) res judicata, (2) estoppel, (3) statute of limitations, and (4) failure to state a claim for which relief can be granted. However, because standing is a jurisdictional bar and that issue is so clear in this case, this Court must dismiss for lack of standing, thus depriving this Court of jurisdiction to address any alternative theories that could also support the defendants' motions to dismiss.

## IV. CONCLUSION

The Court will enter an order dismissing all counts of Wilhoite's adversary proceeding against all defendants based on Wilhoite's lack of standing and this Court's lack of jurisdiction.

---

(causes of action) from reverting back to the debtor upon the closing of his estate. 11 U.S.C. § 554(c); *Auday v. Wet Seal Retail, Inc.,* 698 F.3d 902 (6th Cir. 2012) (debtor who failed to disclose age discrimination cause of action could not pursue action because asset remained in her bankruptcy estate by her failure to disclose); *In re Cundiff,* 227 B.R. 476, 479 (6th Cir. BAP 1998) ("[i]t is clear that an asset must be properly scheduled in order to pass through abandonment under 11 U.S.C. § 554."); *In re Underhill,* 498 B.R. 170 (6th Cir. BAP 2013) (chapter 7 could be reopened by chapter 7 trustee to pursue tort claim that was not disclosed by chapter 7 debtor); *In re Hunter,* 76 B.R. 117 (Bankr. S.D. Ohio 1987) (abandonment of assets is irrevocable unless a potential asset was concealed by failure to disclose); *In re Medley,* 29 B.R. 84, 86–87 (Bankr. M.D.Tenn. 1983) (refusing to abandon unscheduled refund claim to debtor). However, that matter is not before the Court at this time, and it is unnecessary to reach a definite conclusion on that issue.

7

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:13-ap-90362 Doc 27 Filed 02/07/14 Entered 02/07/14 06:47:27 Desc Main Document Page 7 of 7